UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-04618-CAS(Ex) | Date | September 29, 2016 |
| Title | ZELOUF WEST LTD v. BALDWIN SUN, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT RAINBOW USA, INC.

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of October 17, 2016 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

Plaintiff Zelouf West Ltd, a corporation engaged in the apparel industry, filed this action on June 24, 2016 against defendants Sun Baldwin ("Baldwin"), Rainbow USA, Inc. ("Rainbow"), Burlington Coat Factory Direct Corporation, and Does 1–10. Dkt. 1. The operative First Amended Complaint seeks to recover damages for direct, vicarious, and contributory copyright infringement arising out of defendants' misappropriation of plaintiff's exclusive design. Dkt. 8.

On September 9, 2016, Michael C. Baum and Stacy N. Knox (collectively "counsel") filed the instant motion to withdraw as attorneys for defendant Rainbow because of potential conflicts of interest. Dkt. 26 ("Motion"). Neither plaintiff nor defendants have opposed the motion.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:16-cv-04618-CAS(Ex) | Date | September 29, 2016 |
|---|---|---|---|
| Title | ZELOUF WEST LTD v. BALDWIN SUN, INC. ET AL. | | |

## II.   DISCUSSION

Local Rule 83–2.3.2 allows an attorney to withdraw as counsel only upon leave of court. If withdrawal will cause delay in the case, the court will not allow the attorney to withdraw unless "good cause is shown and the ends of justice require [such relief]." L.R. 83–2.3.5. If withdrawal is allowed, the affected parties then "shall appear pro se or appoint another attorney by a written substitution of attorney." L.R. 83–2.3.3.

Rainbow's counsel states that counsel's firm, Resch Polster & Berger ("RPB"), has been adverse to Rainbow in other actions, raising a potential conflict of interest. Id. at 2. In addition, Rainbow has argued that is entitled to indemnity from defendant Baldwin, which RPB represents in this action, creating an additional conflict. Id.; see dkt. 18 (Rainbow's Cross-Claim against Baldwin). Rainbow has requested that RBP not represent it in this action, but has refused to execute a Request for Approval of Withdrawal of Counsel. Motion at 2. Thus far, counsel have appeared on behalf of Rainbow only to negotiate and file stipulations to extend defendants' time to respond to the complaint. Id. at 2–3. Rainbow is already represented by separate counsel, who appeared on Rainbow's behalf to file Rainbow's answer and cross-claim against Baldwin. RPB provided Rainbow with notice of its intent to withdraw as counsel by email on August 31, 2016, and September 8, 2016. Id. at 3.

The existence of a conflict of interest ordinarily constitutes a sufficient basis for withdrawing as counsel. Moore v. United States, No. S-04-cv-423-FCD-JFM, 2008 WL 1901322, at *2 (E.D. Cal. Apr. 28, 2008); Aceves v. Superior Court, 51 Cal. App. 4th 584, 592 (1996); see also Cal. R. Prof. Conduct 3–700(C)(2) (providing that an attorney may seek to withdraw as counsel if "the continued employment is likely to result in a violation of the [Rules of Professional Conduct]"). A conflict of interest is present when "counsel has divided loyalty between current client and former clients." Manfredi & Levine v. Superior Court, 66 Cal. App. 4th 1128, 1134 (1998). Additionally, an attorney may seek to withdraw as counsel if the client "renders it unreasonably difficult for the [attorney] to carry out the [representation] effectively." Cal. R. Prof. Conduct 3-700(C)(1)(d).

The Court finds that Rainbow's counsel have made a sufficient showing of good cause and Rainbow's counsel should be permitted to withdraw.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-04618-CAS(Ex) | Date | September 29, 2016 |
|---|---|---|---|
| Title | ZELOUF WEST LTD v. BALDWIN SUN, INC. ET AL. | | |

### III.  CONCLUSION

In accordance with the foregoing, Rainbow's counsel's motion to withdraw as counsel is hereby **GRANTED**.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |